OPINION
{¶ 1} Appellant Fred Frigo appeals the decision of the Richland County Court of Common Pleas that denied his motion for default judgment and granted the motion to dismiss filed by Appellee UAW Local 549 ("UAW"). The following facts give rise to this appeal.
 {¶ 2} On May 9, 2003, appellant filed a complaint alleging the UAW defamed him in statements that appeared in an article, of The ColumbusDispatch, on April 22, 2002. Specifically, appellant averred that shop chairman, Mr. Willis, willfully and maliciously provided false news toThe Columbus Dispatch regarding appellant's job history and personality. Appellant claims this information, in the Dispatch article, was incorrect and the publication of this information "shocked" him and injured his reputation.
 {¶ 3} In response to appellant's complaint, the UAW filed a motion to dismiss on September 26, 2003. Appellant opposed the motion to dismiss and filed a motion for default judgment on November 4, 2003. The trial court denied appellant's motion for default judgment on November 10, 2003. The trial court granted the UAW's motion to dismiss on January 20, 2004. Appellant filed his notice of appeal on March 1, 2004, and sets forth the following assignments of error for our consideration:
 {¶ 4} "I. THE APPELLANT FILED AN INITIAL NOTICE OF APPEAL WITHIN 5 DAYS OF RECEIVING THE INITIAL COPY OF THE DISMISSAL FROM THE COUNSEL OF THE APPELLEE.
 {¶ 5} "II. THE COURT OF COMMON PLEAS IMPROPERLY DISMISSED THE PLAINTIFF'S COMPLAINT ON STATEMENTS WHICH WERE DEFAMATORY.
 {¶ 6} "A. THE STATEMENTS OF CHAIRMAN WILLIS REGARDING THE WORK HISTORY OF THE APPELLANT WERE DEFAMATORY AND CANNOT BE COVERED UNDER INNOCENT CONSTRUCTION AND INCREMENTAL HARM.
 {¶ 7} "B. THE STATEMENTS OF CHAIRMAN WILLIS REGARDING THE WORK HISTORY OF THE APPELLANT WERE STATED AS IF THEY WERE FACTS AND CANNOT BE CONSIDERED MATTERS OF OPINION. THEY ARE DEFAMATORY.
 {¶ 8} "C. THE STATEMENTS OF CHAIRMAN WILLIS REGARDING THE WORK HISTORY OF THE APPELLANT ARE NOT SUBJECT TO QUALIFIED PRIVILEGE. THEY WERE NOT MADE IN GOOD FAITH AND ARE NOT PART OF A MATTER OF PUBLIC IMPORTANCE.
 {¶ 9} "D. THE STATEMENTS OF CHAIRMAN WILLIS REGARDING THE WORK HISTORY OF THE APPELLANT WERE NOT PRIVILEGED. THEY WERE NOT PART OF A LABOR DISPUTE.
 {¶ 10} "E. THE APPELLANT'S CONSTITUTIONAL RIGHTS ARE HINDERED."
 I {¶ 11} In his First Assignment of Error, appellant maintains he timely filed his notice of appeal because he did not receive the trial court's judgment entry granting the UAW's motion to dismiss until February 24, 2004. We agree.
 {¶ 12} App.R. 4(A) mandates the filing of a notice of appeal within thirty days of the judgment entry. This rule provides as follows:
 {¶ 13} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 14} Appellant claims he did not receive the judgment entry granting the UAW's motion to dismiss until after the time period expired for filing the notice of appeal. The UAW contends otherwise based upon a printout of the Richland County Clerk of Court's docket attached to its appellee's brief. The UAW's printout indicates that on January 20, 2004, the date of the judgment entry, copies of the entry were sent to the parties by regular US. Mail.
 {¶ 15} However, a review of the clerk of court's docket printout contained in the court's file does not indicate that appellant was served with a copy of the judgment entry. Instead, this copy of the printout indicates that only counsel for the UAW was served with a copy of the trial court's judgment entry. Due to this discrepancy, we are bound to rely upon the docket printout contained in the court's file. Because this printout does not indicate that appellant was served with a copy of the judgment entry, we conclude appellant's notice of appeal was timely filed in this matter on March 1, 2004. Accordingly, we have jurisdiction to consider appellant's arguments on appeal.
 {¶ 16} Appellant's First Assignment of Error is sustained.
 II {¶ 17} Appellant contends, in his Second Assignment of Error, the trial court erred when it dismissed his complaint on statements that were defamatory. We disagree.
 {¶ 18} In its judgment entry granting the UAW's motion to dismiss, the trial court found, based upon its review of The Columbus Dispatch
article at issue, that appellant had no cause of action because the statements allegedly made by the UAW were not defamatory. In his complaint, appellant alleges Mr. Willis, an employee of the General Motors metal-fabricating plant, in Ontario, Ohio, and former co-worker of appellant's, defamed him by making the following statements in TheColumbus Dispatch article:
 {¶ 19} 1. When appellant was transferred to the Ontario plant, he was assigned to the Transitional Work Center — a six-month program that pays GM employees who have physical or other problems while working them back into the plant's active work force. Appellant was still in the program at the time of his arrest.
 {¶ 20} 2. GM officials would not release information about appellant's employment, including why he was in the Transitional Work Center.
 {¶ 21} 3. Mr. Willis said he is "ashamed" at the length of time appellant was in the program.
 {¶ 22} 4. "We weren't doing a good job of keeping track," — "Quite honestly, the program is not as successful as I'd like to see it."
 {¶ 23} Appellant's complaint also points to portions of The ColumbusDispatch article where Mr. Willis characterizes appellant as "unhinged" and a "hazard." Appellant contends that this information about his job history and personality were incorrect and that Mr. Willis knew he held positions beyond the Transitional Work Center. Appellant further contends that the publication of this information, in The Columbus Dispatch
article, "shocked" him and injured his reputation.
 {¶ 24} In reviewing a judgment that grants a Civ.R. 12(B)(6) motion to dismiss, we must "* * * independently review the complaint to determine whether the dismissal was appropriate." Ferreri v. The Plain DealerPublishing Co. (2001), 142 Ohio App.3d 629, 639, citing Greeley v.Miami Valley Maintenance Contr., Inc. (1990), 49 Ohio St.3d 228, 229-230. In doing so, "[t]he factual allegations of the complaint and items properly incorporated therein must be accepted as true. Furthermore, the plaintiff must be afforded all reasonable inferences possibly derived therefrom * * * It must appear beyond doubt that [the] plaintiff can prove no set of facts entitling [him or] her to relief. * * *. [Citations omitted.] Vail v. The Plain Dealer Publishing Co., 72 Ohio St.3d 279, 280,1995-Ohio-187. It is based upon this standard that we review appellant's Second Assignment of Error.
 {¶ 25} The elements of a defamation claim are: (1) assertion of a false statement; (2) the false statement must be defamatory; (3) the false statement was published by the defendant; (4) the publication was the proximate cause of an injury to the plaintiff; and (5) the defendant possessed the required degree of fault. Celebrezze v. Dayton Newspapers,Inc. (1988), 41 Ohio App.3d 343, 346-347. The determination of whether a published statement is defamatory on its face or whether a statement is susceptible of a defamatory interpretation are questions of law for the trial court to make. Matalka v. Lagemann (1985),21 Ohio App.3d 134, 136.
 {¶ 26} Pursuant to the following analysis, we conclude the statements appellant challenges were not defamatory and therefore, the trial court properly granted the UAW's motion to dismiss pursuant to Civ.R. 12(B)(6).
A. "Innocent Construction" and "Incremental Harm" Doctrines
 {¶ 27} Under Ohio law, alleged defamatory statements are to be reviewed by the trial court to determine whether an innocent construction can be applied. Under the "innocent construction" doctrine, if allegedly defamatory words are susceptible to two meanings, one defamatory and one innocent, the defamatory meaning should be rejected and the innocent meaning adopted. Ferreri, supra, at 642.
 {¶ 28} Appellant's challenge to the statements that he worked in a transitional employment program does not state a cause of action for defamation. Appellant did in fact work in such a program and the fact that he would have looked better, had more information been provided about his work history, does not establish a claim for defamation. The failure to include additional information, about appellant's work history, is an issue of editorial control.
 {¶ 29} Under the "incremental harm" doctrine, a measure is made between the incremental reputational harm inflicted by the challenged statements beyond the harm imposed by the nonactionable remainder of the publication. Id. at 642-643. If the incremental harm is nominal or non-existent, the action must be dismissed. Id. This doctrine is applicable to the case sub judice because in addition to the statements about appellant's work history, the article also included information that appellant planned to fire grenades at the Mansfield steel mill, kill security guards and police officers and distributed documents about producing rockets and poison gas. Compared to this information, the statements concerning appellant's work history presented only nominal incremental harm and therefore, the statements were not defamatory.
B. Matters of Opinion
 {¶ 30} Published statements of opinion are a protected form of speech under both the Ohio Constitution and the U.S. Constitution. Scott v.News-Herald (1986), 25 Ohio St.3d 243, 244. Thus, a statement of opinion, no matter how derogatory, unjustified or unreasonable, is not actionable. Plough v. Schneider (Apr. 28, 1982), Summit App. No. C.A. No. 10496, at 2. The determination of whether alleged defamatory matter is a statement of opinion or fact is a question of law to be decided by the trial court. Vail, supra, at 280.
 {¶ 31} Under this analysis, Willis' characterization of appellant as "unhinged" and a "hazard" were not defamatory statements because they were merely statements of opinion, not a clinical diagnosis.
B. Qualified Privilege
 {¶ 32} Ohio courts have recognized that certain statements, regarding matters of social importance, are privileged and thus, are immune from liability. Hahn v. Kotten (1975), 43 Ohio St.2d 237, 243-244. The Ohio Supreme Court described the privilege that extends to matters of social importance as a conditional or qualified privilege. In Hahn, the Court described the extent of the conditional or qualified privilege as follows:
 {¶ 33} * * * [A statement] made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, even though it contains matter which, without this privilege, would be actionable, and although the duty is not a legal one, but only a moral or social duty of imperfect obligation.
 " * * * {¶ 34} "The privilege arises from the necessity of full and unrestricted communication concerning a matter in which the parties have an interest or duty, and is not restricted within any narrow limits." Id. at 245-246, quoting 33 American Jurisprudence (1941), Libel and Slander, Section 126.
 {¶ 35} Further, the privilege attaches to the situation giving rise to the communication, not the communication itself. A B-Abell ElevatorCo. v. Columbus/Cent. Ohio Bldg. Constr. Trades Council (1995),73 Ohio St.3d 1, 8-9. The determination of whether the occasion gives rise to the privilege is a question of law for the court. Black v.Cleveland Police Dept. (1994), 96 Ohio App.3d 84, 89. All that is necessary to regard a communication as privileged is that an innocent motive can be inferred for giving the communication, based on a reasonable relationship between the parties. Hahn, supra, at 246.
 {¶ 36} In the case sub judice, Mr. Willis made the comments, in a newspaper article, relating to the serious criminal charges against appellant. Because the statements appellant challenges on appeal fall within the context of information for an article about criminal charges against appellant, they are privileged. The danger appellant presented to the public and the resulting criminal charges against him concerned issues of public importance.
 {¶ 37} In order to overcome the qualified privilege, appellant must prove, by clear and convincing evidence, that the statements in question were made with actual malice. Jacobs v. Frank (1991), 60 Ohio St.3d 111, paragraph two of the syllabus. That is, there must be sufficient evidence to permit the conclusion that the defendant entertained serious doubts as to the truth of the publication. A B-Abell Elevator Co. at 13. There is no evidence in the record that Mr. Willis made the statements, in question, with actual malice.
 {¶ 38} Further, the courts have recognized that labor disputes give rise to a qualified privilege. Bertsch v. Communications Workers of Am.Local 4302 (1995), 101 Ohio App.3d 186; Smith v. Ameriflora 1992, Inc.
(1992), 96 Ohio App.3d 179, 184-185; A B-Abell Elevator Co.,
supra, at 9. What constitutes a labor dispute is a question of law for the trial court. Yeager v. Local Union 20 Teamsters, Chauffeurs,Warehousemen, Helpers of Am. (1983), 6 Ohio St.3d 369, 371. The Court, in Yeager, defined a "labor dispute" as follows:
 {¶ 39} "The term `labor dispute' includes any controversy concerning terms, tenure or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether the disputes stand in the proximate relation of employer and employee." Id.
 {¶ 40} The comments made by Mr. Willis were part of a labor dispute involving appellant, the UAW and the AK Steel strike. Appellant had filed charges of unfair labor practices against UAW Local 549. Appellant alleged his grievances were denied and the UAW did not assist him in disputes with his employer. Also, appellant's criminal conduct related to the bitter strike at the AK Steel plant. As such, we conclude the statements are privileged because Mr. Willis made them during the course of a labor dispute. Based upon the above analysis, appellant can prove no set of facts entitling him to relief. Therefore, the trial court properly granted the UAW's motion to dismiss.
 {¶ 41} Appellant's Second Assignment of Error is overruled.
 {¶ 42} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs assessed to Appellant.